Merchants Police and Dist. Telegraph Co. v. Citizens Telephone Co.

Case 11.—ACTION BY THE CITIZENS TELEPHONE CO. AGAINST THE MERCHANTS POLICE AND DISTRICT TELEGRAPH CO. TO ENJOIN THE LATTER FROM OPERATING.—May 24.

## Merchants Police and Dist. Telegraph Co. v. Citizens Telephone Co.

Appeal from Kenton Circuit Court.

W. McD. SHAW, Circuit Judge.

Judgment for plaintiff. Defendant appeals. Affirmed.

1. Municipal Corporations—Grant of Franchise—Validity—Where a franchise was granted to a telegraph company without limit as to term, for the purpose of avoiding Const. Sec. 164, requiring municipalities before granting a franchise for a term of years to first advertise for public bids, such franchise was void.

2. Same—Injunction—Right to Sue—Where plaintiff, a telephone company, having a legally granted franchise to operate in a city, was a taxpayer, it was entitled to sue to restrain another company, operating without a valid franchise, from continuing to do business, though plaintiff's franchise was not exclusive.

3. Constitutional Law—Self-Executing Provisions—Franchises—Const., Sec. 164, declaring that, before granting a franchise to use the streets of a city "for a term of years," the municipality shall first, after due advertisement, receive bids therefor publicly, etc., was self-executing, and did not require an ordinance of the general council of the city to make the same obligatory.

W. A. BYRNE and R. G. WILLIAMS for appellant.

POINTS AND AUTHORITIES.

1. Appellee did not state a cause of action, and demurrer should have been sustained to the petition.

2. Appellant's right to the use of the streets of the city, is a right not for a term of years, but determinable at the pleasure

Vol. 123.] APRIL TERM, 1906. 91

Merchants Police and Dist. Telegraph Co. v. Citizens Telephone
Co.

of the power granting it, the General Council of the city of Cov-
ington, therefore not in conflict with the Constitution or charter
of the city.

3. Appellee has no right to injunction under the law or the
testimony, for two reasons: First, because its right is not ex-
clusive; second, because it neither alleges nor proves special in-
jury.

### AUTHORITIES CITED.

Civil Code, Sec. 119; Constitution, Sec. 164; Sec. 3068, Charter
of Second Class Cities; High on Injunctions, Vol. 1 (2 Ed.), Sec.
902-3-5; Am. & Eng. Ency. of Law, 1 Ed., Vol. 17, page 518;
Paducah Lumber Co. v. Paducah Supply Co., 12 S. W., 554;
Dillon on Mun. Corp., 3 Ed., Vol. 2, Sec. 921.

MYERS & HOWARD, Attys. for appellee.

1. Appellants alleged franchise or permissive right to construct
a telephone plant in Covington is void.

2. Appellee has the right to protect its franchise by injunction.
(Monarch v. Ownesboro City R. R. Co., 27 Ky. L. R., 38⁰;
Keith v. Johnson, 109 Ky., 426; Nicholasville Water Co. v. City
of Nicholasville, 18 Ky. L. R., 592; Maraman v. Ohio Valley
Telephone Co., 25 Ky. L. R., 784, 2 Moraruetz Private Corp.
Sec. 621, 718; High on Injunctions, Vol. 2, Sec. 1547, 1553, 1556.)

OPINION BY JUDGE NUNN.—Affirming.

Appellee is the owner of a franchise to operate a
telephone plant in the city of Covington. It is ad-
mitted to be a legal one, obtained in the way directed
by section 164 of the Constitution. The record shows
that the appellant has no right whatever to construct
or operate a telephone plant in the streets of the city
of Covington, except that it claims a permissive right
granted by the city council for an indefinite length of
time. It does not claim its right to operate a tele-
phone in that city by reason of the purchase of a fran-
chise, as provided by the section of the Constitution
referred to.

Appellant's contention is predicated upon the as-
sumption that, even admitting it has no right in the
public streets of Covington, appellee cannot enjoin it
from operating a telephone in that city, because ap-

pellee's right to the use of the streets of Covington is
not exclusive. Appellee's contention is that, while
its franchise is not exclusive in terms, it is exclusive
so far as appellant, or any other mere trespasser, is
concerned, and is exclusive in fact until the city le-
gally grants another franchise to be operated in
competition with it. The appellant also claims that
its right to the use of the streets of the city as
granted by the council is not for a term of years, but
determinable at the pleasure of the general council.
Therefore its grant is not in conflict with the Consti-
tution; second, that appellee has no right to maintain
this action, because its right is not exclusive, and does
not show any special injury to it by the acts of ap-
pellant. As stated, it is conceded that the appellee
did, and the appellant did not, obtain a franchise to
operate a telephone plant in Covington in accordance
with the provisions of section 164 of the Constitution;
that is, the one did, and the other did not, purchase
the franchise as provided by that section.

The only questions, therefore, to be determined
are: First. Did the appellant obtain a legal fran-
chise to operate a telephone line in the city by the or-
dinance making an indefinite grant to it for that pur-
pose? Second. If not, has the appellee the right to
maintain this action to prevent it from exercising this
illegal right?

Section 164 of the Constitution says: "Before
granting such franchise or privilege for a term of
years, such municipality shall first, after due adver-
tisement, receive bids therefor publicly," etc. This
section became operative upon the adoption of the
Constitution. It did not require an ordinance of the
general council to make it binding and obligatory.
See case of Nicholasville Water Co. v. Board of Coun-
cilmen, 36 S. W. 549, 38 S. W. 430, 18 Ky. Law Rep.
592. Therefore any effort or act of the council in

Merchants Police and Dist. Telegraph Co. v. Citizens Telephone
Co.

granting a franchise or privilege, contrary to this sec-
tion of the Constitution, is absolutely void, and con-
fers no right whatever upon the party securing the
grant.    One of the objects in adopting this provision
was to prevent the citizens of towns and cities from
being deprived of valuable rights by the acts of coun-
cils in giving away to persons and corporations fran-
chises and privileges worth in many cases thousands
of dollars.    The framers of the Constitution realized
that cases might arise where persons or corporations
might want a privilege or franchise for a short time;
i. e., for temporary purposes, and which would re-
sult to the mutual benefit of all concerned, and it was
the purpose to relieve the parties in such cases from
the time, trouble, and expense which would be neces-
sarily lost and incurred in making a sale of the fran-
chise or privilege as provided by that section; hence
the insertion in the section of the words "for a term
of years."   In the event the council of a city or town
should grant a privilege or franchise for such tem-
porary purpose, the limit of time should be expressed
in the ordinance granting it.

We will now consider the grant under which apel-
lant is operating or attempting to operate.   It is con-
ceded that the ordinance making the grant was en-
acted in 1895, more than 10 years since.   Its right to
operate under the franchise or privilege was without
limit, except as the city council might see proper to
revoke it.   This is a clear attempt to avoid the pro-
visions of the Constitution.   The appellant has al-
ready operated under this privilege or franchise for
half the time for which it could have purchased the
right, and without buying and paying for it.   In our
opinion appellant is operating its telephone without
authority of law, and the attempted grant to it by the
council was void and conferred no right whatever
upon it.

The second question is more difficult. The appellant concedes, however, that if appellee owns or had purchased the exclusive right to operate a telephone in the city, and its (appellant's) grant is void, then appellee could maintain this action to prevent its interference with appellee's exclusive right; but, as appellee does not own the exclusive privilege, it has no right to prosecute this action. There are no decisions of this court directly in point. The nearest are Rough River T. Co. v. Cumberland T. & T. Co., 119 Ky. 470; 84 S. W. 517, 27 Ky. Law Rep. 33; East Tennessee T. Co. v. Anderson Co. Telephone Co., 57 S. W. 457, 22 Ky. Law Rep. 418; Id. 115 Ky. 488; 74 S. W. 218, 24 Ky. Law Rep. 2358, and Maraman v. Ohio Valley Telephone Co., 76 S. W. 398, 25 Ky. Law Rep. 784. In all these cases, the parties plaintiff instituted the action to prevent the defendants (rival telephone companies) from erecting poles and operating telephones, to their injury and damage and without right. The cases were decided against the plaintiffs, upon the sole ground that they did not show the legal right in themselves to operate telephones in their respective cities; that they had not complied with the law in obtaining their franchises, and consequently had no right to maintain the action.

But the question before us was not decided, and we are of the opinion that it is not necessary to decide the matter in this case, as we have arrived at the conclusion that appellee can maintain this action upon another ground. It is conceded that appellee is a citizen and taxpayer of that city, and in our opinion, as such, it should have the right by action to prevent the further continuance of the wrong perpetrated by the council of that city, in granting illegally the franchise to appellant, by stopping it from the further exercise of its pretended rights thereunder. The appellee is interested with all citizens in saving the

Merchants Police and Dist. Telegraph Co. v. Citizens Telephone
Co.

city from loss of its revenues by the illegal gift of a
valuable franchise, which, if sold legally, would in-
crease the revenues, and thereby lessen the taxes of
appellee and all persons in the city.

For these reasons the judgment is affirmed.