CASE 8.—ACTION BY THE FRANKFORT TELEPHONE CO. AGAINST THE COMMON COUNCIL OF THE CITY OF FRANKFORT.

# Frankfort Tel'p. Co. v. Board of Council City of Frankfort

Appeal from Franklin Circuit Court.

ROBERT L. STOUT, Circuit Judge.

Judgment for defendant. Plaintiff appeals. Affirmed.

Municipal Corporations—Grant of Franchise—Proceedings Preliminary to Grant.—Under Const., section 164, 'providing that before granting a franchise or privilege for a term of years, a city shall first, after due advertisement receive bids therefor publicly and award the same to the highest bidder, a city may not grant a valid franchise without such preliminary steps, even though the city does not bind itself to continue the franchise for more than a year.

HELM BRUCE, attorney for appellant.

GUY BRIGGS of counsel.

If we concede that the city has the right to repeal the franchise granted to Longmoore, and even to require the telephone company to vacate the streets, yet it has not done so; the telephone company is today in operation, and by virtue of its very character as a public service corporation it is bound to serve the public, and so long as this is true the city cannot require that service to be rendered at less than cost, or without reasonable compensation.

## AUTHORITIES CITED.

Railroad Commission cases, 116 U. S., 307, 331; Reagan v.

Frankfort Tel'p. Co. v. Board of Council City of Frankfort.

Farmers Loan & Trust Co., 154 U. S., 362; Sandiago Land Co. v National City, 174 U. S., 757; 2 Const. Debates, pp. 2949 and 2951; Nicholasville Water Co. v. Nicholasville, 1 Ky. Law Rep., 592.

WILLIAM CROMWELL for appellee.

### AUTHORITIES AND POINTS.

1. Constitution of United States, 10th section, 14th amendment.

2. The ordinance fixing telephone rates did not violate any contract made with the telephone company. (Kentucky Statutes, section 3290, sub-section 5.)

3. A telephone company is a common carrier. (Jones on Telegraph and Telephone Companies, section 17.)

4. Acquiescence in telephone rates, for a considerable time, estops the company from complaining of their unreasonableness. (Herrman on Estoppel and Res Judicata, sections 769 and 1063.).

5. No presumption that the city intended to part with its power to regulate telephone rates. (Omaha Water Co. v. City of Omaha, &c., 147 Fed. Rep., 12.)

6. Contracts not rescinded because their performance more expensive than contemplated. (Page on Contracts, section 1378; Franklin Telegraph Co. v. Harrison, &c., 145 U. S., 459; P. P. & C. I. R. R. Co., 144 N. Y., 152, 160; Postal Telegraph Co. v. City of Newport, 25 Ky. Law Rep., 636.)

7. Franchise granted by city ordinance to operate telephone system, without a sale to the highest and best bidder, is null and void. (Constitution of Kentucky, section 164; Merchants Police and District Telegraph Co. v. The Citizens Telephone Co., 29 Ky. Law Rep., 512.)

8. Corporation estopped by acts of a stockholder or agent in procuring passage of ordinance fixing telephone rates. (Coleman v. Morrison, 1 T. B. Mon., 406; Ferguson v. Landram, &c., 5 Bush, 234.)

9. There is no presumption that telephone rates. fixed by legislation, are unfair or unreasonable.

10. The burden of proof is on the complainant. (Covington & L. T. P. R. Co. v. Sanford, 164 U. S., 578; Reagan v Farmers Loan & Trust Co., 154 U. S., 412; The San Deigo case, 174 U. S., 739.)

11. Legislatures and councils have inherent and statutory right to regulate rates for public service. (Munn v. Illinois, 94 U. S., 113; Hackett v. The State, 105 Ind., 263; Central Union Telephone Co. v. Bradbury, 106 Ind., 7.)

OPINION OF THE COURT BY JUDGE BARKER—Affirming.

This action was instituted by the appellant, Frankfort Telephone Company, to enjoin the common council of the city of Frankfort from enforcing an ordinance of the municipality regulating rate charges for the use of telephones, on the ground that the rates are so low that the cost of operating its franchise is greater than its income, and that the effect of the ordinance is confiscatory and results in the taking of the property of the corporation without due process of law, and denies to it the equal protection of the laws.

The first question arising upon the record is whether or not the appellant has a franchise to operate a telephone system in the city of Frankfort. It is admitted that whatever rights it has it owns and holds as assignee of W. W. Longmoore and others, under an ordinance enacted on the 11th day of January, 1899, which is as follows:

"Be it ordained by the common council of the city of Frankfort:

"Section 1. That W. W. Longmoore, his associates and successors, be and they are hereby authorized to erect in the streets and public ways in the city of Frankfort, State of Kentucky, such poles and lines as may be or become necessary in the operation of a telephone system between its several subscribers by means of an exchange or central station system, and to renew the same from time to time.

"Sec. 2. It is provided that in the erection of the said telephone system that the city of Frankfort shall have the right at all times to attach the wires of its fire alarm system to the poles of the said company,

and said company will so far as practicable, avoid unusual obstruction of the public ways and maintain in good order lines so used; also that they will conform to the laws of the commonwealth and the ordinances of the city of Frankfort, and these rights shall remain in force until modified or vacated by a two-thirds vote of the common council.

"Sec. 3. The said telephone company is to make all reasonable efforts to establish and put in operation its proposed system within six months from the passage of this ordinance.

Sec. 4. This ordinance is to take effect and be in force from and after its passage.."

It is also conceded that the franchise granted by this ordinance was not sold by the municipality as required by the Constitution of the State.

Section 164 of the Constitution is as follows: "No county, city, town, taxing district or other municipality shall be authorized or permitted to grant any franchise or privilege, or make any contract in reference thereto, for a term exceeding twenty years. Before granting such franchise or privilege for a term of years, such municipality shall first, after due advertisement, receive bids therefor publicly, and award the same to the highest and best bidder; but it shall have the right to reject any or all bids. This section shall not apply to a trunk railway."

So much of section 3290, Ky. Stat., 1903 (cities of the third class), as is pertinent to the subject in hand is as follows: "The common council of each of said cities shall, within the limitations of the Constitution of the State and this act, have power by ordinance: * * * To grant the right of way along, over, or across the streets, alleys and public grounds of the city to any railway, street railway, gas, water, steam-

heating, telephone or electric-light or power company, for a term not exceeding twenty years. Before granting such franchise or privilege, such city shall first, after advertising same for a period not less than thirty days, in some newspaper published in said city, receive bids therefor publicly, and award same to the highest and best bidder, having the right to reject any and all bids.'' Subsection 35.

It is conceded by the learned counsel for appellant that, in order to grant a valid franchise for a term of years, it is necessary that the privilege be sold at public auction to the highest and best bidder; but it is earnestly insisted that section 164 does not require a franchise for less than a term of years to be sold in order to be valid. In other words, it is urged that the municipality can permit the corporation to exercise a franchise for any length of time, provided it does not bind itself to continue this permission for more than a year. To this we cannot agree. The framers of the Constitution intended by section 164 to take it out of the power of municipalities to give away franchises to do business within their boundaries. It is true the language of section 164 is that, ''before granting such franchise or privilege for a term of years, such municipality shall first, after due advertisement, receive bids therefor publicly; and award the same to the highest and best bidder;'' but courts are not permitted to construe either Constitutions or statutes so as to make them vain and illusory, and section 164 would be vain and illusory if municipalities can do by indirection that which is expressly forbidden. It would open up a way for the commission of a large part of the evils intended to be corrected by the section under discussion to construe it so as to permit cities to give away long franchises

simply by failing to state in the ordinance by which they are given that they shall exist for a term of years. It is obvious that, if the construction contended for by appellant should be upheld, not only might cities be deprived of the revenue arising from the sale of franchises, but the temptation to corrupt city councils by the use of money would be very greatly augmented, and it would enable venal councils to grant monopolies to favored corporations by refusing to give to their rivals in business the same permission. The construction contended for would, in our opinion, largely destroy the usefulness of the section under discussion. The case of Merchants' Police & District Telegraph Co. v. Citizens' Telephone Co., 123 Ky. 90, 93 S. W. 642, 29 Ky. Law Rep. 512, involved the question we have here. There the corporation had a mere permissive right under the ordinance granting it the privilege of doing business in the city of Covington, and it contended that this permission so granted was not in conflict with section 164 of the Constitution. The question was thoroughly discussed in the opinion in that case, and it was there held that, under section 164 of the Constitution, municipal corporations could only grant franchises for a term of years, and only to the highest and best bidder therefor, and that, where this was not done, the corporation acquired no rights whatever to carry on its business in the municipality. It is needless to repeat here the reasoning of the opinion. It is sufficient to say that, after a full reconsideration, we adhere to it.

But, even if we were of a different opinion from that herein expressed as to the meaning of section 164 of the Constitution, it would not avail appellants in this case; for, conceding for the present the construction for which counsel contends, it would only

result that the Legislature had the power to grant to cities the right to give away franchises for less time than a term of years. But the Legislature has not undertaken to do this with cities of the third class, to which Frankfort belongs. It is elementary that municipal corporations only possess the powers granted to them by their charters, and by the section of the charter of cities of the third class quoted above these only have the right to grant franchises or privileges after advertisment to the highest and best bidder. We do not, however, rest our opinion on the want of statutory power in the municipality, but on the broader ground of the constitutional inhibition. It results, therefore, that appellant has no franchise from the city of Frankfort; and, this being true, it cannot be heard to complain that there has been established a rate of telephone charges which prohibits it from doing business therein.

The judgment dismissing the petition is affirmed.

Judge Lassing not sitting.