CASE 13.—SUIT BY ISAAC HILLIARD AGAINST THE GEORGE
G. FETTER LIGHTING & HEATING CO., ETC., TO
ENJOIN THE BOARD OF PUBLIC WORKS FROM
GRANTING SAID COMPANY A PERMIT TO CON-
STRUCT CONDUITS, ETC., FOR CARRYING ELEC-
TRIC WIRES IN THE STREETS OF THE CITY.—
November 12.

# Hilliard v. George G. Fetter L. & H. Co.

Appeal from Jefferson Circuit Court; Chancery
Branch; First Division.

SHACKELFORD MILLER, Judge.

Judgment for defendants, plaintiff appeals—Re-
versed.

1. Municipal Corporations—Franchises—Power to Grant.—Con-
stitution section 164, provides that no municipal corporation
shall grant any franchise or privilege for a term exceeding
20 years, and that before granting such franchise for "a term
of years" the municipality shall advertise for bids and award
the franchise to the highest and best bidder. Held, That the
words "term of years" did not exclude from the operation of
the section a franchise for one year, where it involved the
use of permanent structures in a street.
2. Same—Ordinance—Licenses.—A city ordinance, imposing an
annual license on corporations selling electricity without a
franchise from the city, and providing for the issuance of an
annual license on application to the board of public works
by a corporation desiring to transmit electricity or heat
through the streets, in so far as it authorizes a public lighting
and heating corporation to transmit electricity and heat
through permanent conduits in a street under yearly licenses,
is in violation of Constitution article 164, prohibiting cities
from granting any franchise or privilege for a term of years
without advertising and receiving bids therefor.

W. O. HARRIS for appellant.

Hilliard v. George G. Fetter L. & H. Co.

## POINTS AND AUTHORITIES.

1. Section 164 of the Constitution forbids any use of the streets of a city, except temporary ones, unless the franchise is purchased at public letting. A masonry conduit in a street is not temporary. (Nicholasville Water Co. v. Councilmen, 18 Ky. Law Rep., 592; Providence v. Providence, 28 Ky. Law Rep., 1015; Merchants v. Citizens' Tel. Co., 29 Ky. Law Rep., 512; People's El. Co. v. Capital Gas Co., 116 Ky., 91; Monarch v. Owensboro, 119 Ky., 939; Frankfort Tel. Co. v. Councilmen, 30 Ky. Law Rep., 885.

2. A tax-payer may maintain a suit to enjoin an illegal use of the streets. (Merchants' v. Citizens' Tel. Co., 29 Ky. Law Rep., 512.)

3. A franchise is an incorporeal hereditament. (1 Blackstone, p. 37.) A widow has dower in it. (Stevens v. Stevens, 3 Dana, 373.)

A. E. RICHARDS and A. B. BENSINGER, attorneys for City of Louisville.

## AUTHORITIES AND PROPOSITIONS

1. Sections 1, 2 and 3 of the ordinance, imposing a license tax in addition to an ad valorem tax, is valid: (Constitution, section 181; Ky. Stats., 1906, p. 310, section 245; Shuster v. City of Louisville, 28 Ky. Law Rep., 588; Cumberland Telephone & Telegraph Co. v. Hopkins, Judge, 28 Ky. Law Rep., 846.)

2. Section 4, authorizing the board of public works to issue a permit for the use of the streets for a period of one years, is valid. (Ky. Stats., section 2825; City of Louisville v. Louisville Water Company, 105 Ky., 754; Constitution, sections 163 and 164.)

3. The phrase "for a term of years" means two years or more, and "permits" for a period less than two years are not subject to the provisions of section 164 of the Constitution. ("Words and Phrases," vol. 8; Comth. v. Evans, 33 Mass. (16 Pick.), 450; Ex parte Wm. Seymour, 31 Mass. (14 Pick.), 40; Merchants' Police & District Telegraph Co. v .Citizens' Telephone Co., 29 Ky. Law Rep., 512; Consolidated Gas Company v. Baltimore, vol. 1, New Series L. R. A., 266; Debates on the Constitutional Convention of 1890, vol. 2, p. 2949.)

4. The following cases relied upon by counsel for appellant involve grants which were for an indefinite period and which, as a matter of fact, had been exercised and enjoyed for a longer

Hilliard v. George G. Fetter L. & H. Co.

period than two years, and hence same were being operated in palpable violation of section 164 of the Constitution, but in the case at bar it can not be said as a matter of law or as a matter of fact that the permit complained of is enjoyed or exercised for a longer period than one year. (City of Providence v. Providence Electric Light Co., 28 Ky. Law Rep., 115 (the franchise in this case declared void was for a period of six years); Merchants v. Citizens' Telephone Co., 29 Ky. Law Rep., 512 (the court in this case condemned an indefinite grant under which the telephone company had been operating for at least ten years; here again the grant was for a period less than two years, as in the case at bar, but, as a matter of law, was for an indefinite period, and, as a matter of fact, had been operated under for at least ten years); likewise in the other cases cited by counsel for appellant.)

CHAS. H. SHIELDS Attorney for George G. Fetter Lighting & Heating Co., appellee.

The array of authorities referred to by Judge Harris, to-wit, Nicholasville. v. Board of Council, 18 Ky. Law Rep., 592; Keith v. Johnson, 27 Ky. Law Rep., 947, and various other cases, were all cases of a gift of a franchise for an indefinite period or for a period of more than two years, each of them directly in conflict with the constitutional provision, and therefore, or course, void.

In conclusion, we ask you to note the ordinance. It provides for a license at a full, fair and complete compensation to the city for the use of its streets or alleys. It is not a gift to any favorite or favored person. It is open to the public to whomsoever wishes to take out a permit. It runs for only a period of one year. The issuing of that license is only in compliance with a permit first obtained from the board of public works. The city retains absolute control of its streets and its alleys. The board of public works has complete and absolute reserved discretion, either to issue or not issue the permit. It can issue it for one year; it can refuse to issue it the next. The ordinance is subject to repeal at any time, and if repealed the permit only lasts to the the end of the year for which it is issued. It is not a right that can, by any possibility, extend beyond the period of one year; it comes within the reserved power left by the Constitution to the municipalities for the proper use and control of their streets for a period less than a "term of years." The bond required by the ordinance to be given before a permit is granted by the board of public works, runs for a period of only twelve months, and at the end of each twelve months, before a new permit is given, a new bond must be executed, and before any license can be

issued by the sinking fund commissioners there must be exhibited to them a permit issued by the board of public works, and then only under the ordinance can a license be issued to run for one year.

I respectfully submit that the decision of the chancellor sustaining the demurrer to the petition and thus holding that the ordinance was not in violation of section 164 of the Constiution, was right, and that the judgment of the chancellor should be affirmed.

OPINION OF THE COURT BY JUDGE CARROLL—Reversing.

Appellant, alleging that he was a citizen and taxpayer of the city of Louisville, brought this suit against the George G. Fetter Lighting & Heating Company, a corporation, and Charles B. Norton, John H. Weller, and Rudolph F. Vogt, members of the board of public works of the city, seeking to enjoin the board of public works from granting to the George G. Fetter Lighting & Heating Company a permit to construct conduits, manholes, or other permanent structures in the streets of the city of Louisville, for accommodating or carrying electric wires or steam pipes, and to restrain the lighting and heating company from tearing up the streets and constructing therein any wire or wires for the transmission of electricity for heat, or any pipes for the transmission of steam, or from using any conduits placed in or under the streets by other persons or corporations. It is charged in the petition, to which a demurrer was sustained, that George G. Fetter Lighting & Heating Company is a corporation, invested by its charter with the authority to establish and operate a lighting, power, and heating plant, with the right to acquire property necessary for the purpose of erecting, maintaining, and operating plants

Hilliard v. George G. Fetter L. & H. Co.

needed in its business, and to furnish, sell, buy, or dispose of electricity or steam for all purposes for which said powers are used; also to operate refrigerating plants for hire for itself and other persons, and to supply customers with heat, light, power, or refrigeration, to locate all connections necessary to make and furnish such supplies, and to do any and all things necessary for the conduct of the business of furnishing, creating, and supplying power, light, heat, and refrigeration by the use of electricity or steam, in the city of Louisville or elsewhere, as it may see fit.    It is further stated that by an ordinance enacted by the general council of the city of Louisville, it was provided in section 1 that:

"Each individual, firm or corporation carrying on the business of manufacturing and selling electricity without having a franchise therefor from the city of Louisville shall pay an annual license into the sinking fund of the city of Louisville, the amount of such payment to be one dollar per kilowatt, up to and including two hundred kilowatts, and twenty-five cents for each additional kilowatt of the manufacturing capacity of the machine or machines so used, and an additional annual license of twenty-five per cent. of the amount of the tax above required.

"Sec. 2.    The application for said license shall be made to and the same issued by the commissioners of the sinking fund of the city of Louisville, and shall not run for a longer period than one year.    Each license issued hereunder shall be made to expire on the thirtieth day of April next after its date.    Each individual, firm or corporation required by the provisions of this ordinance to procure a license shall apply for the same on or before May 1st, 1906, and said license shall run for one year from said date."

"Sec. 4. Whenever any such individual firm or corporation desires to transmit or convey electricity or heat or both through, across or along any designated street, alley or other public way of the city of Louisville, such individual, firm or corporation before applying for the license hereinbefore mentioned shall first apply to the board of public works of the city of Louisville for a permit to so transmit or convey electricity or heat or both through, across or along such designated highway; and the said board of public works may in its discretion grant such permit upon condition that the wires, pipes and other appliances to transmit or convey such electricity and heat shall be placed under the ground under the supervision and in accordance with the plans and specifications furnished by said board, and without any expense whatever to the city; and that the surface of such street, alley or other public way shall be restored at the cost of the applicant to its original condition. · Said permit shall be upon the condition that the applicant shall indemnify and save harmless the city of Louisville from any damage to any person or property arising out of the construction, maintenance or operation of the plant, wires or appliances of such applicant; and that it will defend all suits filed and pay all judgments against the city for such damages.

"Sec. 5. Each and every individual, firm or corporation coming within the provisions of section one of this ordinance shall within ninety days after the passage of this ordinance provide and use the necessary and proper machinery and appliances to prevent the emission of soot or dense smoke from any chimney · or smokestack of the plant or buildings used in the operation of or in connection with the manufacture, and distribution of heat and electricity. * * *

"Sec. 6.    Whenever any individual, firm or corporation to whom a license has been issued under the foregoing provisions of this ordinance desires to transmit or convey electricity or heat or both through, across or along a street, alley or other public way for which no permit has been issued, such individual, firm or corporation may apply to the board of public works for such permit, which such board may grant upon the same terms and conditions as required for permits under section 4 of this ordinance."

The petition charges that under authority of this ordinance the George G. Fetter Lighting & Heating Company applied to and received permission from the board of public works to transmit or convey electricity and heat by means of underground conduits through, across, and along certain designated streets and alleys of the city, located in the principal business portion of the city; and it avers that the underground conduits referred to consist of a trench or ditch dug in the streets, wherein will be placed a hollow tile and masonry conduit, consisting of one or more ducts or pipes intended to receive the electric wires, and of other ducts intended to receive an insulated steam pipe, that these conduits and other appliances are intended to be and are permanent structures.

The validity of this ordinance is assailed upon the ground that it permits the board of public works to privately grant a franchise or privilege for one year, without advertisement or receiving bids therefor publicly; and hence it is in violation of section 164 of the Constitution, providing that: "No county, city, town or taxing district or other municipality shall be authorized or permitted to grant any franchise or privilege or make any contract in reference thereto

for a term exceeding twenty-years. Before granting such franchise or privilege for a term of years, such municipality shall first after due advertisement receive bids therefor publicly and award the same to the highest and best bidder; but it shall have the right to reject any and all bids. This section shall not apply to a trunk railroad.'' Counsel for appellee insist that the ordinance is a valid exercise of the power vested in the general council, and rest their argument upon the proposition that section 164 of the Constitution only applies to a franchise or privilege granted ''for a term of years,'' and contend that, as the ordinance expressly stipulates that the privilege conferred by it shall only be for one year, it is not within the meaning of the Constitution or inhibited by it.

It is manifest, from the reading of the ordinance and the terms and conditions imposed by it, that the structures the George G. Fetter Lighting & Heating Company contemplate erecting or establishing under the permit granted it are intended to be and are permanent. It would be folly to insist that the tearing up of streets in the busiest part of a large city, digging trenches and placing therein masonry conduits for the purpose of receiving the ducts or pipes in by and through which electricity and steam may be conducted, was a temporary enterprise or improvement; and we do not understand that counsel for appellee so contend. Therefore, in considering the question, we will treat the ordinance as attempting to grant a franchise or privilege to erect or establish, maintain, and operate in the streets for one year only a plant intended to be and that is a permanent and enduring structure. Was it within the power of the council to give this franchise in the manner

provided in the ordinance. We think not. In reach-
ing this conclusion we have not been unmindful
of the apprehensions of counsel for appellee
that if the privilege to use the streets for a
short period or less than a term of years cannot
be granted by municipal authorities, except in the
manner pointed out in section 164, the delay attend-
ing a compliance with this section would prevent
cities from givng the right to persons to occupy the
streets on any occasion for merely temporary pur-
poses, or else make it so expensive and inconvenient
to obtain the right as to render practically useless the
authority to grant it. But this section of the Consti-
tution does not contemplate that it shall be necessary
to follow its provisions of advertisement, public sale,
and award to the highest and best bidder every time
a temporary privilege or franchise is granted. Such
a construction would be not only impracticable, but
absurd, as it would virtually deny municipal author-
ities the right to grant to an individual or corporation
the right to occupy the streets for a day, or a week,
or longer, for some temporary purpose, such as the
erection of a tent or other structure, or to place
material necessary in the erection or repair of build-
ings, or give other privileges of a like character.
There is a wide difference between a temporary and
a permanent use, and whether a franchise or privi-
lege is granted or obtained for one, or the
other is largely a question of fact, to be determined
by the nature, extent, and character of the use for
which the street is desired. We take it that there
would be no difficulty in the mind of any person in
arriving at the conclusion that, if an individual or
corporation obtained permission to occupy part of a
street while erecting or repairing a building or other

improvement, like a railroad, telegraph or telephone, a grant of the right for that purpose would be merely a temporary use. And so, if the manager of an amusement company asked permission to place in the streets or public ways tents or booths for the accommodation of the public during the few days his attraction might be in the city, or if on some public occasion it was thought proper to erect a flagpole or suspend wires to aid in celebrating an event. But, if a grant was requested and obtained for the purpose of erecting or establishing a water, heating, or lighting plant, or an instrumentality for the transmission of news by telegraph or telephone, or for the transportation of passengers or property by common carriers, or any other character of enterprise intended for lasting use by the public, or any number of them, there should be no difference of opinion in determining from the nature and use of the property that it was intended to be permanent; and it is this class of franchises that the section was designed to protect.

In an effort to sustain this ordinance, counsel would make the expression "for a term of years" the controlling feature of this section of the Constitution, and it may be remarked that, if it could be upheld at all, it must be upon the ground that the grant is not for a longer time than a year, or rather for less than a "term of years." But these words must be considered in connection with the remainder of the section, and are not entitled to, nor will they be given, the importance attached to them by counsel. The particular thing in the mind of the convention in drafting and considering this section was that the municipalities should derive substantial benefit from the sale of the valuable franchises and

privileges at their disposal, and that boards and individual officials should not have the power to give them away to favored persons or grant them for an inadequate consideration. It was not contemplated that any person or corporation would desire to purchase or obtain a franchise for the purpose of establishing a permanent and valuable improvement that would expire in one year, or be for a less period than a "term of years;" and these words were inserted merely to give expression to this thought, rather than for any other purpose. Indeed, it does not seem either reasonable or probable that a corporation such as appellee would desire a privilege authorizing it to expend large sums of money in establishing a plant from which no profit could be gained until it was completed and put in operation, unless the right to enjoy it extended over "a term of years." So that in using these words the convention did not intend that the purpose of the section might be evaded by a grant for less than a "term of years," but rather that no grant for a permanent use for less than such term would ever be applied for. Further illustrating the intention of the section, the limitation of 20 years upon the time for which franchises might be granted was added, as what would be an adequate price for a franchise granted to a public utility corporation to use the streets of a city to-day might be a mere pittance 20 years hence. The value to the owners of the right granted would keep pace with the growth, wealth, and population of the city, and unless at some future time the city had the right to obtain additional compensation for the privilege it would give the grantees of the franchise undue advantage, and deny to the city the right to exact a consideration in keeping with the value of the privilege bestowed.

Keeping in mind the purpose of this section, if such a franchise or privilege as is granted by this ordinance could be given away for one year at a time, the effect would be to destroy entirely the end attempted to be accomplished. The public authorities, in place of disposing of a franchise for two or more years at public sale to the highest and best bidder, could grant it for one year, and at the expiration of that, extend it for another, and so on year after year, without any limitation whatever as to the time. The intention of the section cannot be evaded by this method of procedure, no more than it can be by granting a franchise for an indefinite period, as has been heretofore attempted, but declared invalid by this court in Merchants' Police District Telegraph Company v. Citizens' Telephone Company, 123 Ky. 90, 93 S. W. 642, 29 Ky. Law Rep. 512, in which the court, speaking of the right of the district telegraph company to use the streets for an indefinite length of time, said: ''Its right to operate under the franchise or privilege was without limit, except as the city council might see proper to revoke it. This is a clear attempt to evade the provisions of the Constitution.'' And so in Frankfort Telephone Company v. Board of Councilmen of the City of Frankfort, 125 Ky. 59, 100 S. W. 310, 30 Ky. Law Rep. 885, where the construction contended for here, was denied.

Prior to the present Constitution, the municipal authorities of cities might and did grant valuable rights in the streets and public places to individuals and corporations desiring to use them for private gain. No restrictions were thrown around the granting of these privileges to protect the citizen from the cupidity of a council or the greed of a purchaser of the franchise. As a result, the residents and tax-

payers of the city found their most valuable streets occupied by corporations who obtained them as a result of personal favor or private traffic, without just, or often any, compensation to the people who owned them. To remedy the notorious and often scandalous wrongs perpetrated by municipal boards and authorities, this section was enacted, and the rights of the public attempted to be safeguarded and protected by requiring that no franchise or privilege intended to be permanent should be granted, except to the highest and best bidder after due advertisement and public award. The board of public works has under the charter of the city control of its streets and public ways, and if the large power delegated by this ordinance was lodged in them, the worst evils intended to be cured by section 164 would be revived. There would be annually, we might say continually, suspended before the eyes of this board the temptation to grant favors to this one and refuse them to that, to reward friends and punish enemies, and even more pernicious would be the opportunity afforded to derive personal gain from the dispensation of these rich favors. This ordinance violates, not only the letter, but the spirit, of the Constitution. If it is valid, section 164 is a dead letter, and has no place in the organic law of the State. Its attempted evasion is as palpable as was the effort to ignore it by granting franchises for an indefinite period.

Although the precise question here involved has never been directly presented, this court, in the few cases that have come before it, has endeavored to preserve the usefulness of this section by carrying out its manifest purpose. Nicholasville Water Co. v. Board of Council of Nicholasville, 36 S. W. 549, 38 S. W. 430, 18 Ky. Law Rep. 592; City of Providence

v. Providence Electric Light Co., 122 Ky. 237, 91
S. W. 664, 28 Ky. Law Rep. 1015; People's Electric
Light & Power Co. v. Capital Gas & Electric Light
Co., 116 Ky. 76, 75 S. W. 280, 25 Ky. Law Rep. 327;
Monarch v. Owensboro City Ry. Co., 119 Ky. 939,
27 Ky. Law Rep. 380, 85 S. W. 193; Keith v. Johnson,
109 Ky. 426, 59 S. W. 487, 22 Ky. Law Rep. 947. And
especially were the views herein expressed supported
in Frankfort Telephone Co. v. Common Council,
supra, where it was aptly and with great pertinency
to this case said: "It is earnestly insisted that sec-
tion 164 does not require a franchise for less than a
term of years to be sold in order to be valid. In other
words, it is urged that the municipality can permit
the corporation to exercise a franchise for any length
of time, provided it does not bind itself to continue
this permission for more than a year. To this we
cannot agree. The framers of the Constitution in-
tended by section 164 to take it out of the power of
municipalities to give away franchises to do business
within their boundaries. * * * It would open up a
way for the commssion of a large part of the evils
intended to be corrected by the section under discus-
sion, to construe it so as to permit cities to give away
long franchises simply by failing to state in the
ordinance by which they are given that they shall
exist for a term of years."

The argument is made that this ordinance prevents
monopoly by allowing the city to grant to any indi-
vidual applying therefor the right to establish and
maintain lighting and heating plants for the use of
the public, and that in this respect it accomplishes a
useful purpose and one in keeping with the spirit
of our laws. We are not impressed with the force of
this reasoning. Aside from the fact that the recog-

nition of the validity of this ordinance would do violence to the Constitution, there is no obstacle in the way of the city granting to any number of persons who desire to purchase franchises the privilege of establishing any number of plants for distributing heat and light, and this without interference or domination by other persons engaged in the same business. This was expressly decided in Stites v. Norton, 125 Ky. 672, 101 S. W. 1189, 31 Ky. Law Rep. 263, where it was held that the city had the right to refuse to allow the Louisville Lighting Company to bid for a franchise to manufacture light.

Briefly stated, our conclusion is that municipal authorities cannot grant a franchise or privilege for a use intended to be permanent, except in the manner pointed out in section 164; nor can this section be evaded, or its purpose nullified, by making the grant for an indefinite period, or for less than a "term of years," or by any other scheme or device. If it should ever occur that a person or corporation desired to obtain for a year, or less than a term of years, a franchise or privilege for a use intended to be permanent, and the city authorities were disposed to grant the request, then the forms prescribed in the section must be followed.

Wherefore the judgment is reversed, with directions to enter a judgment in conformity to the prayer of the petition.