Monarch, &c., v. Owensboro City R. R. Co.

---

CASE 122—ACTION BY R. MONARCH AND OTHERS AGAINST THE OWENSBORO CITY RAILROAD CO., FOR A SPECIFIC PERFORMANCE OF A CONTRACT.—FEB. 24.

# Monarch, &c. v. Owensboro City R. R. Co.

APPEAL FROM DAVIESS CIRCUIT COURT—W. T. OWENS, CIRCUIT JUDGE.

JUDGMENT FOR DEFENDANT. PLAINTIFF APPEALS. AFFIRMED.

CONTRACTS—CONDITIONS PRECEDENT—TENDER—TIME AS ESSENCE—ESTOPPEL—ACCEPTANCE OF PART PERFORMANCE.

1. Where plaintiff contracted to convey a right of way to defendant, and transferred to it all his rights in a street railway franchise granted to him by a city council, in consideration of which defendant agreed to construct a street railway line to suburban land belonging to plaintiff, and, by an amended agreement, each party was given until a specified date in which to execute the contract, it was necessary for plaintiff, in order to maintain an action at law for damages for defendant's breach of its part of the contract, to tender a conveyance of the right of way, and of his rights in the franchise, on or before the date specified in the amended agreement.

2. An assignment of a street railway franchise, void because issued in violation of Constitution, section 164, forbidding the granting of street railway franchises, except to the highest bidder, after due advertisement, gave the assignee no rights, so that a dismissal by the assignor of an action against the assignee, based

on the franchise, did the assignor no injury, and the assignee was not precluded, because of his acceptance of the assignment and the dismissal of the action, from urging the assignor's nonperformance of other portions of the contract of which the assignment was a part, in order to defeat an action by the assignor for breach by the assignee of the covenants to be performed by the latter under such contract.

ELI H. BROWN, WILFRED CARRICO, LITTLE & SLACK, ATTORNEYS FOR APPELLANT.

### POINTS CONTENDED FOR.

1. Time was not an essence of the contract between the parties. 3 Parsons on Contracts, 339.

2. Where there is no stipulation that time shall be of the essence of the contract—and the contract is in reference to realty—and one party performs in part the consideration for the undertaking of the other party, the latter can not retain such consideration and evade the performance of his part; or escape liability

3. It was competent for appellant to prove his expenditures in obtaining the right of way, where appellee had agreed to share such expense.

SWEENEY, ELLIS & SWEENEY, ATTORNEYS FOR APPELLEE.
R. S. TODD. OF COUNSEL.

### POINTS DISCUSSED AND AUTHORITIES.

1. Statement of the case.

2. The charter of appellee company, and the powers therein conferred considered. Session Acts, 1883-4, vol. 1, sec. 1300.

3. A franchise can not be sold or transferred by the grantee without consent of the sovereign power granting it. Farmers & Laborers Union of Kentucky v. National Union Co., 19 Ky. Law Rep., 1235.

4. There was no consideration for the contract sued on. Constitution of Kentucky, section 164.

5. The president of a corporation has no authority to act as agent. 76 American St. Rep., 634; Wait v. Nashua Armory Asso., 49 A. St. Rep., 630; Mt. Sterling Turnpike Co. v. Looney, 1 Metcalf, 550, 71 American, sec. 491 and notes cited in that case.

6. The contract sued on was *ultra vires.* Re-Assignment Insurance Co., 80 American St. Rep., 164-165.

7. The doctrine that a franchise can not be transferred without consent of the power granting it further considered. Brunswick Gas Light Co. v. United Gas Light Co., 34 Am. St. Rep., 390; Central Transportation Co. v. Pullman Car Co., 139 U. S., 24; 35 Am. St. Rep., pp. 392-95 and authorities cited.

8. The contract sued on was void because it was an attempt to consolidate rival or competing corporations. Kentucky Constitution, sec. 201; Kentucky Statutes, sec. 555; L. & N. R. R. Co. v. Commonwealth, 97 Ky., 675; Wood, &c., v. City of Seattle, Lawyers Rep. Annotated, vol. 52, p. 370.

9. Those who deal with a corporation are held to take notice of powers conferred on it by its charter. First National Bank of Covington v. Milling Co., 95 Ky., 98; Bell. &c., v. Ky. Glass Works, 20 Ky. Law Rep., 1089; William Tarr Co. v. Kimbrough, 17 Ky. Law Rep., 1285.

10. The State will not grant any part of its sovereignty to an individual.

11. A modern business method considered.

12. The contract of June 12, 1893, was modified by the parties on September 18, 1893.

13. The performance of appellant's contract within the time specified was a condition precedent. 7 American & Eng. Ency. of Law, 2 ed., 121, note 2; 7 American & Eng. Ency., 2 ed., 119, note; Passmore v. Moore, 1 J. J. M., 591; Sprigg v. Albin, 6 J. J. M., 161; 7 American & Eng. Ency., 2 ed., 121, note 2; Taylor Manufacturing Co. v. Hatcher Co., &c., 3 Lawyers Rep. Annotated, 587.

OPINION OF THE COURT BY JUDGE BARKER—AFFIRMING.

The appellant R. Monarch owned a tract of land containing about 27 acres of land in Daviess county, Ky., within a short distance of the city of Owensboro. Conceiving that the connection of this tract of land with the city by a street car line would greatly enhance its value, he obtained a franchise from the municipality to operate a street car system over certain of its streets, presumably with the intention of extending it to his own property. Appellee also had a franchise to operate a street car system through the streets of the city of Owensboro. Appellant, deeming that appellee, in extending its system along Triplett street, was invading

his exclusive right to operate a line of cars on that thoroughfare, instituted an action against it for an injunction, during the pendency of which the parties litigant entered into the following contract:

"This memorandum of agreement made and entered into this twelfth day of June, 1893, by and between R. Monarch, of Owensboro, Kentucky, of the first part, and the Owensboro City Railroad Company, of Owensboro, Kentucky, of the second part.

"Witnesseth: That the parties hereto have made the following contract:

"R. Monarch has granted and hereby agrees to convey by proper conveyance to be hereafter made by himself and wife to the said company a right of way ten feet wide from the Roost or Main street road, west of Owensboro near Paradise Garden and from a point on said road which lies between the land of Dr. G. B. Tyler and Dr. J. Hale, extending south the same width to Monarch's land as may be required for necessary siding and assigns transfers and sets over to said company all rights of every description under an ordinance of the Owensboro city council passed and adopted on the ——— day of 1892, giving him and such persons as he might associate with him the right to construct and operate a street car system in Owensboro on all the streets named in said ordinance and said Monarch agrees to transfer said grant and franchise to said company by any proper writing to be hereafter made and delivered and to ask the consent of the Owensboro city council to such transfer and said Monarch further agrees to dismiss his suit now pending in the Daviess circuit court against said company.

"In consideration of the above, the city railroad company agrees to construct the extension of its railway from said point on said Roost road to the Lancaster road on

Monarch's land and on the right of way described, thence up Fifth street to the terminus of the present street car line on said street, or as near said street as practicable, as soon as the right of way can be procured to the terminus of said Fifth street line.

"The said extension is to be completed as soon as practicable from this date and is to be operated during the period of said company's original franchise.

"The said company agrees to put in and maintain three cattleguards on the line from Main street to Monarch's land at points to be selected by said Monarch and said parties are to procure the right of way up said Lancaster road and Fifth street and if any expense is attached thereto it is to be borne jointly.

"In witness whereof the said parties hereunto have subscribed their names this the day and year first herein written. [Signed]   R. Monarch, Owensboro City R. R. Co., By W. E. Whiteley, President."

After the execution of the foregoing contract, appellant dismissed his action, and sought to obtain a right of way over a country road leading from the city limits of Owensboro to a point near his land, which was essential to appellee's performing its contract of extending its line to his property.  The right of way sought by appellant over this road was refused by the county authorities having the matter in charge, and it then became evident that an extended time would be required in which to secure the right of way necessary to enable appellee to perform its contract.  With this fact confronting them, on the 18th day of September, 1893, the original agreement was modified by the parties as follows:

"In pursuance of the agreement of June 12, 1893, R. Monarch has this day made and delivered to the Owensboro

City Railroad Company a written transfer of all rights and privileges acquired by him under the ordinance of the common council of the city of Owensboro enacted October 19, 1892, and requesting said council to approve said transfer and it is now agreed by said Monarch and said city railroad company that each is to have until the first day of May, 1894, in which to execute and complete the stipulations of their aforesaid agreement in regard to said city railroad.

"This the eighteenth day of September, 1893."

In 1896 appellant made a tender to appellee of what he seemed to consider a fulfillment of his agreement, and demanded performance of its covenants, which being refused, he instituted this action in equity, alleging the foregoing facts and the terms of the contract, and praying as a relief a judgment requiring appellee to specifically perform the terms of the contract, or, if that was deemed impracticable, for a judgment against it in damages for the sum of $57,000. The manner of his performing the conditions precedent to his contract by appellant, his demand of performance from appellee, and its refusal, are thus set forth in the petition: "Plaintiff states that on the ——— day of May, 1896, he tendered and offered to deliver to the defendant a properly executed conveyance to defendant by his wife and himself of the right of way over the land mentioned in said contract of June 12, 1893, to be conveyed by him to it. At the same time he tendered and offered to deliver to defendant certified copies of the ordinance of October 19, 1892, of the city council of Owensboro, and a certified copy of the ordinance of April 6, 1896, of the trustees of the town of Herrwood, granting rights of way in said city and town respectively; and accompanied said copies with a written transfer of all the right, title, and interest  •

in and to the privileges, rights, immunities, and fran-
chises granted to him by said ordinances of said city and
town, respectively; and, upon the tender and offer to deliv-
er to the defendant said deed, said ordinance and said writ-
ten transfer of same he demanded that said defendants
should proceed without unnecessary delay to perform its
said contract of June 12, 1893, upon its part, by construct-
ing lines or street railroad tracks, and operating street car
tracks thereon when constructed, as contemplated and pro-
vided for in said contract. He says the defendant then
and there, through and by its president, refused to accept
said deed or ordinances, or the written transfer of same,
or either or any of them, and declared it would not perform
said contract of June 12, 1893, on its part, nor construct
car lines, nor operate them as provided in said contract,
or at all." To this petition appellee filed an answer con-
taining several defenses, among which was pleaded the mod-
ification of the original contract on the 18th day of Septem-
ber, 1893, by which it was agreed that each of the parties
should have until May 1, 1894, in which to execute and com-
plete the stipulations of the original agreement, and the
failure on the part of appellant within the stipulated time
to comply therewith by performance on his part of the con-
ditions precedent to the covenants of appellee. After the
issues were made up, appellant dismissed so much of his
petition as sought a remedy by specific performance, and
moved to transfer the action from the equity to the com-
mon-law side of the docket for the trial of the legal issues
remaining in the case. This motion, over the objection of
appellee, was sustained by the court. Upon the trial, af-
ter all of appellant's evidence was in, the court, on motion
of appellee, awarded a peremptory instruction to the jury

to find for it as in case of nonsuit, which was done. Appellant's motion for a new trial having been overruled, he is here on appeal.

By the original contract, appellee was to extend its lines to appellant's property as soon as practicable after the necessary right of way could be procured from his property to the terminus of its Fifth street line. By the agreement of September 18, 1893, the time in which each of the parties was to perform his part of the contract was definitely fixed to the 1st day of May, 1894. The obtention of the right of way was a condition precedent to the extension of the line. The petition shows affirmatively that this right of way was obtained by appellant and tendered to the appellee on the —————— day of May, 1896, two years after the date fixed in the amended contract of 1893. Passing the question of variance between the contract sued on and that proved, in our opinion this tender was too late. Having determined upon a definite time in which the contract was to be performed, it was necessary, before he could maintain an action against the appellee for a breach of its covenant, to allege and prove, if it was denied, the performance by him on or before May 1, 1894, of those covenants necessary to be performed to enable it to carry out its contract. Upon his failure to tender the necessary right of way by the stipulated time, appellee had a right to consider the contract rescinded. It must be borne in mind that before the trial of the case, appellant abandoned his claim to the equitable remedy of specific performance, and caused the action to be transferred to the common-law docket; and therefore the authorities cited in support of the equitable rule that time will not be considered as of the essence of the contract unless the party invoking it is put in a worse condition by its lapse than he otherwise would have been, have no application.

The general rule at common law is that time is always of the essence of the contract, and a party who seeks damages for a breach must show a compliance by himself of his own precedent covenants within the time required by the agreement. In 9 Cyc., 605, the rule is thus stated: "At common law time is always of the essence of the contract; that is to say, if a person promises to do a certain thing by a certain day in consideration that the latter will do something for him, the thing must be done by the date named, or the latter is discharged from his promise." Citing Cromwell v. Wilkinson, 18 Ind., 365; Allen v. Cooper, 22 Me., 133; Hill v. Millburn School District No 2, 17 Me., 316. And even in equity, if it be apparent from the contract that the parties so intended, time will be considered of the essence of the contract, and a strict performance within the time fixed will be considered a condition precedent to an action for a breach. "By the weight of authority, however, it is always open to the parties, even in equity, to make time of the essence of the contract by express agreement. And where time is not made of the essence of the contract by express stipulation, it may, however, be held to have been so intended from the nature of the contract. In mercantile contracts, such as contracts for the manufacture and sale of goods, and the like, it is generally so fixed. In contracts for the sale of land, for the performance of services, or the construction of buildings, and the like, time will be held of the essence, if, from the nature of the property and the circumstances, it seems that the parties must have so intended; but generally in such contracts time is not of the essence. A new agreement extending the time of performance of a contract is evidence that the parties considered time material." Id., 605, note "c," citing Wiswall v. McGown, 2 Barb. (N. Y.), 270. Newman, in his work on Pleading and Prac-

tice, p. 285, says: "The time fixed for the performance of a written agreement should always be stated in the petition, for it is of substance; and it is a general rule that, where time is essential or material to the rights of the parties, it must be alleged with certainty and precision. Thus, in an action to deliver property on a certain day or at a certain period fixed by the parties, at which time it was to be paid· for, the failure to allege the time, or a variance between the time alleged and that proved on the trial, would be fatal to the action, unless the pleading should be so amended as to state the true time."

Conceding in full the principle stated by appellant—that, where a party to a contract has received a substantial part of the consideration, he can not, as a rule, urge the non-performance of the remainder within a stipulated time, without placing the other party in *statu quo*—that principle has no place in the facts of this case. Admitting, for the purposes of the argument, that appellant made a proper tender of his rights under the ordinance of the council of the city of Owensboro granting him the franchise to operate a street car line over its streets, that the franchise was valid, and also that he in due time dismissed his action for an injunction, this had all been done prior to the amending of the contract on September 18, 1893. With this partial compliance of his contract before him, he fixed the time for the performance of all the remaining covenants by the 1st day of May, 1894. But that which he claims as a partial performance was without value either to himself or to appellee. The granting of the franchise to operate a street car line over the streets of the municipality was in direct violation of section 164 of the Constitution, which forbids the granting of such franchises except to the highest and best bidder after due advertisement. In the case of Nicholasville Water

Company v. Board of Councilmen of the City of Nicholasville, 36 S. W., 594, 38 S. W., 430, 18 Ky. Law Rep., 592, it was said: "The granting of the franchise by the town of Nicholasville to the Kentucky Water Heating & Illuminating Company in June, 1892, may be treated as void, because of the failure of the municipality to receive bids publicly after due advertisement, as provided in section 164 of the Constitution. The prohibitory provision of that instrument became operative upon its adoption." To the same effect is Keith v. Johnson, 109 Ky., 426, 22 R., 947, 59 S. W., 487, wherein it is said: "We believe that it is mandatory on the municipality to award the franchise to the highest and best bidder." This being true, the grant of the franchise to appellant was void, his assignment carried no rights to appellee, and the dismissal of his action placed him in no worse position than he was before. Maraman v. Ohio Valley Telephone Co., 76 S. W., 398, 25 Ky. Law Rep., 784.

Judgment affirmed.