## Main v. Sevier.

(Decided November 18, 1927.)

### Appeal from Knox Circuit Court.

1. Vendor and Purchaser.—Under agreement of purchaser of lot to erect building within one year from date of deed therefore, it was intention of parties to make time for purchaser's performance of the essence, and failure to comply therewith subjected him to payment of additional consideration of $500 as liquidated damages for such failure.

2. Vendor and Purchaser.—Under contract providing that vendor would convey business lot on compliance with conditions and would remove from lot two old buildings within 60 days after purchaser furnished city permit therefor, time held not to be of the essence, so that failure of vendor to remove buildings within time limited did not excuse purchaser from performance of contract to erect building.

3. Vendor and Purchaser.—Where purchaser of lot agreed to erect building thereon within one year from date of deed to be executed,

time being later extended to two years, erection of building of the same character purchaser intended to erect within the city, which took care of demands within the city for a motion picture theater, did not excuse purchaser's failure to erect buildings, where only requirement of contract was that he build a substantial brick building.

4. Vendor and Purchaser.—Where, in deed, vendor agreed to exercise permission to remove buildings from lots within time provided in permits for that purpose, in vendor's suit for liquidated damages for purchaser's failure to erect buildings on lot within time limited, failure of purchaser to show that vendor had not complied with contract to remove buildings within time limited eliminated purchaser's alleged delay as a defense.

5. Appeal and Error.—Where there was conflicting testimony on issue of fact, and Court of Appeals cannot say that chancellor's finding was against preponderance or weight of testimony, his finding must be adopted.

HIRAM H. OWENS for appellant.

T. D. TINSLEY and J. S. GOLDEN for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

By duly executed written contract, of date August 24, 1921, the appellee and plaintiff below, Alexander Sevier, agreed to convey to the appellant and defendant below, John C. Main, a business lot on the court square in Barbourville, Ky. The consideration expressed in the contract was $2,000 to be paid on the execution and delivery of a deed "and upon the compliance with the other conditions hereinafter set forth upon the part of said Main." The "conditions hereinafter set forth" were that plaintiff would remove from the lot two old wooden buildings, located thereon, within 60 days after defendant furnished to him a permit to do so from the city council of Barbourville, and which permit defendant agreed to obtain; and that defendant would erect a brick business building on the lot within one year from the date of the deed thereafter to be executed; and further:

"That upon failure of this part of the consideration, said Main shall pay to said Sevier the further sum of $500 as liquidated damages, arising from such failure of consideration and from such failure to erect said building."

The deed was executed on September 19, 1921, but the time within which defendant should erect the brick

building that he agreed to do was extended for a period of two years from the date of the deed instead of one year as stipulated in the contract, and it was further provided in the deed that:

"In event he (Main) shall fail to erect or cause to be erected such building, the part of the consideration shall fail by reason thereof; then and in that event the second party shall pay to the first party the further sum of $500 as liquidated damages, and to secure the payment of said sum, a lien is hereby retained upon the property hereby conveyed, but the erection of said building within said period shall be a compliance with the undertaking, and shall cause said lien to be released and satisfied."

The deed also contained this clause:

"Said Sevier shall, however, exercise the permission to remove said buildings (the old ones) within the time provided in permits for that purpose."

Two years expired without any effort made by defendant to construct a brick building on the lot as stipulated and agreed by him in both the contract and the deed, and after that time plaintiff filed this equity action in the Knox circuit court to recover the additional consideration upon such failure of $500, and to enforce his lien upon the lot to secure it.

The defenses contained in the original answer and amendments thereto were (1) that plaintiff failed to remove the old buildings from the lot within 60 days after he was furnished permits from the city council to do so, and that by reason thereof defendant was prevented from constructing the building he intended to construct, which was a moving picture theater, until after another one was constructed in the city by another person, and which was sufficient in capacity and structure to supply the local demand, and damages to the extent of $3,000 were sought to be recovered against plaintiff by a counterclaim; and (2) that plaintiff orally agreed that he would extend the two-year period within which defendant agreed to construct the brick building on the lot for the same length of time that plaintiff was prevented from moving his old buildings by an injunction proceeding which had been filed in the Knox circuit court against

him, and in which a temporary restraining order was obtained, and that defendant did comply with his contract by erecting a building within such extended time. Appropriate pleadings made the issues, and upon submission the court dismissed the counterclaim and rendered judgment against defendant for $500, with a lien upon the lot which the judgment directed to be enforced, and complaining of it defendant prosecutes this appeal.

It is argued in brief of counsel for defendant that time was not of the essence of either the contract to convey the lot, or of the deed made pursuant thereto, and which argument he applies to both (a) the time within which defendant agreed to construct the brick building on the lot, and (b) the time within which plaintiff agreed to remove the old buildings situated thereon. The two periods of time in each of the subdivisions (a) and (b) will be considered and disposed of together.

The recent case of Rogers Bros. Coal Co. v. Effie P. Day et al. (Ky.) 299 S. W. — (decided November 4, 1927), discusses the question as to when time is of the essence of the contract. It is therein pointed out that common-law courts and equity courts take a different view of the question, the former most usually regarding time as of the essence of the contract, while the latter determine the question as measured by the clear intention of the parties as gathered from the contract or subject-matter involved. If it appears that it was their intention to make time the essence of the contract, it will be so regarded in equity, but unless such intention is shown it will not be so regarded. In that (Day) case defendant agreed to and did purchase land from plaintiffs, the exact acreage of which was unknown to all parties, but defendant agreed to survey the land within a designated time and to pay for it at the rate of $50 per acre for the actual acreage found by the survey, if made, or to accept and pay for the land at the estimated quantity of 800 acres, if the survey was not made within the designated time. We held that under the prevailing rule in equity (in which that case was brought and tried) time was of the essence of that contract, since the stipulations clearly manifested an intention by the parties that it should be so. The authorities cited in that opinion in substantiation of the conclusion reached were 6 R. C. L. 898, par. 285; Magoffin v. Holt, 1 Duv. 95; Monarch v. Owensboro City Railroad Co., 119 Ky. 939, 85 S. W. 193, 27 Ky. Law

Rep. 380; Ethington v. Rigg, 173 Ky. 355, 191 S. W. 98;
Napier v. Trace Fork Mining Co., 193 Ky. 291, 233 S. W.
766; Schmidt v. Martin, 199 Ky. 785, 251 S. W. 999;
Cheney v. Libby, 134 U. S. 68, 10 S. Ct. 498, 33 L. Ed. 818;
Brown v. Guaranty Trust Co., 128 U. S. 403. 9 S. Ct.
127, 32 L. Ed. 468; Meier Dental Manufacturing Co. v.
Smith (C. C. A.) 237 F. 568; Telegraphone Corporation
Co. v. Canadian Telegraphone Co., 103 Me. 444, 69 A.
767; Jennings v. Bowman, 106 S. C. 455, 91 S. E. 731; and
4 Page on Contracts, sec. 2198.

The language employed by the parties in this case,
as found both in the contract and in the deed, is equally
as convincing, if not more so, that it was the intention
of the parties to make the time within which defendant
agreed to construct the brick building on the conveyed
lot as a part of, and as the essence of, the contract.  In-
deed, it is expressly stipulated that the additional $500
to be paid in case defendant failed to construct the brick
building within the allotted time was a part of the con-
sideration for both the contract and the deed, and we
can scarcely imagine more explicit terms in which their
intention could have been expressed.  We therefore con-
clude that the time within which defendant agreed to con-
struct the brick building, so as to limit the considera-
tion to the $2,000 paid at the time of the execution of
the deed, was of the essence of the contract, and that a
failure to comply therewith made the $500 sued for herein
a part of the consideration.

The facts are entirely different with reference to
the time mentioned in subdivision (b), supra; i. e., the
period within which plaintiff should remove the old build-
ings off the lot, under the prevailing rule in equity above
discussed.  There is nothing in either the contract or the
deed to indicate that it was the intention of the parties
that time was to be of the essence of the contract, unless,
perhaps, the delay in that particular was to such an ex-
tent that defendant would not have sufficient remaining
time of the two years in which to comply with his agree-
ment to construct the building.  It is not pretended by
any pleading or any evidence in the case that there was
not sufficient time after plaintiff removed the old build-
ings from the lot for defendant to construct the brick
building within the extended time of two years  as con-
tained in the deed.  It is attempted to be shown by de-
fendant that the old buildings were not removed by plain-

tiff until about six months after the date of the deed, but which plaintiff denied. If we should accept defendant's contention on that issue as established by the proof, then there remained 18 months within which he could have erected his brick building and thereby complied with his agreement. He made no effort to do so, and seeks to excuse his failure upon the ground that in the meantime another person constructed within the city a building of the same character that he intended to erect, but which furnishes no semblance of legal excuse for his failure to comply with his agreement. It was not even contended, by pleading or otherwise, that plaintiff agreed that the building to be constructed by defendant was to be used as a moving picture theatre, or that he even knew of such intention. The only thing to which he agreed or knew anything about, so far as the record discloses, was that the building to be erected by defendant should be a substantial brick one.

Moreover, it will be observed that in the deed, which was the last written expression of the parties as to the contract, plaintiff agreed to "exercise the permission to remove said buildings within the time provided in permits for that purpose." Defendant procured and delivered to plaintiff such permits, but they were not introduced in evidence, nor are they found in any part of the record, and there is no oral proof as to the time limits for the removal of the old buildings contained in any of them. So far as appears from this record, plaintiff may have removed the old buildings within the time fixed in the permits, and if he did so he complied with his agreement in that respect, and the alleged delay arising therefrom would have no place whatever in this record. If he was derelict in that respect, it was the duty of defendant to manifest it in some manner, and his failure to do so completely eliminates such alleged delay from the case.

If we should concede that defense (2) was supported by a sufficient consideration, and further concede that the testimony of defendant and his witnesses with reference thereto proved an *agreement* by plaintiff to extend the time for the erection of the brick building for the same period that plaintiff was delayed in removing the old buildings by the injunction, we would then not be authorized to disturb the judgment. There was a contrariety of testimony on the issue of fact upon which that

defense is rested, and we are not prepared to say that the finding of the chancellor on that issue was against the preponderance or the weight of such testimony, and, according to the practice, unless it was so it is our duty to adopt such findings of fact by the chancellor. That rule is so well grounded in the practice in this jurisdiction as to need no citation of cases in support of it.

If, however, it were otherwise, then the defense could not be allowed under the state of the record. It is hereinbefore pointed out that in the deed executed by plaintiff to defendant the former was given the *same* length of time to remove the old buildings that was provided for in the *permits* from the city council allowing him to do so, and that the time limit contained in the permits is nowhere shown in the record. Evidently the obligations in the deed did not contemplate that the time for plaintiff to remove the old buildings was to be deducted from the two years within which the brick building was to be constructed by defendant. If, therefore, plaintiff removed the old buildings within the time given him in the *permits* to do so, then the injunction worked no delay beyond that time; in which case there would be no period of time by which the two years within which defendant agreed to construct the brick building could be extended. As we have hereinbefore pointed out, it was the duty of defendant to show to the contrary, if such was the fact, but he failed to do so and thereby failed to establish the defense now under consideration.

Summarizing our conclusions are that the time within which defendant agreed to construct the brick building on the lot he purchased was of the essence of the contract, but that the time wthin which plaintiff agreed to remove the old buildings from the lot was not of the essence of the contract, and that, even if the latter time was of the essence of the contract, it is not shown that plaintiff did not perform his agreement to remove the old buildings within the time specified in the *permits* for the purpose issued by the city council of Barbourville, and lastly, that defense (2) for the reasons stated, is not available.

Wherefore the judgment is affirmed.