# Combs et al. v. American Ins. Co.

Feb. 4, 1944.

William Hays and J. Smith Hays for appellants.

M. C. Redwine and Leo T. Wolford for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

This is the second appeal of this case. Our first opinion appears in 293 Ky. 121, 168 S. W. (2d) 545. It was brought to this court by the instant appellee as appellant therein against the instant appellants and appellees therein. That opinion sets forth the facts, and reversed the judgment of the Clark circuit court dismissing the petition of appellant therein against the appellants herein.

In reversing the judgment on the first appeal, we discussed the subject of the right of subrogation of the insurer to the rights of the lien holder on the property destroyed by fire, bottoming the opinion on contractual stipulations therefor contained in the "rider" attached to the policy when it was issued. It was contended in that case that the Standard Loss Clause in favor of a lien holder on the insured property was not the one that was intended by the parties at the time of the issuance of the policy. In reply to that contention we said, in substance, in our former opinion that, even so, no effort was made to reform the contents of the rider in favor of the lien holder (Winchester Bank.) But we did not hold in that opinion that even if the contract was reformed so as to comply with the contention of defendants in the action, the right of subrogation of the insurer to the rights of the creditor, upon payment to the latter of the amount of his debt, would not exist. Upon a return of the case to the lower court, and after filing of the mandate of this court, defendants (appellants here) filed an amended pleading in which they alleged: "* * * that the agent of the plaintiff by oversight or mistake attached to the insurance policy the loss clause containing a different agreement, one providing for subrogation, which change materially changed the terms of the policy from the policy contracted for; that the defendants never agreed to or knew a different loss clause than that contracted for was attached to the policy of insurance until after the filing of this suit. * * *," Appellee demurred to the amendment, and also moved to strike it, each of which were sustained, and defendants declining to plead further, judgment was rendered against them, to reverse which they prosecute this appeal.

Defendants admit that the policy, or a photostatic copy thereof, was filed as an exhibit with the petition, or at least, before answer was filed, and they rested their defense upon the theory that the stipulation in the rider, providing for subrogation, was the true and correct contract in favor of the bank as holder of the lien against the insured property. It possibly might be true, as is argued by appellee on this appeal, that the amended pleading by defendants after the case was returned to the trial court came too late but should have been interposed at the first trial of the case. But, since

we have concluded that the judgment appealed from was proper we express no opinion concerning that question.

Our first opinion correctly held that the insured (Williams and wife), according to the terms of the policy, forfeited all their interests therein when they sold and conveyed the insured property to their co-defendant, Eada Combs, and that the latter acquired no interest whatever in the policy, since she took no assignment of it. If, therefore, neither of the defendants had any interest in the policy contract at the time of the fire it is difficult to conclude that they yet have the right to reform the policy contract so as to reap a benefit therefrom. When the insured voluntarily forfeited the policy contract by a sale of the insured property without complying with the terms thereof, the status of the insured became the same as if he had never procured the policy, although the benefit of that portion of the contract in favor of the bank as lien holder, survived in favor of the lienor, notwithstanding the forfeiture of the policy by the insured. Therefore, the only contract existing at the time of the fire was the one contained in the rider between plaintiff, the insurer and the bank, the lien holder on the property insured. It would therefore appear that only one or the other of those two parties could ask for, or procure, a reformation of that portion of the contract, since they were the only parties thereto.

But, even if that were not true, the tendered pleading to which the court sustained a demurrer after the return of the case, only averred that "the agent of plaintiff by oversight or mistake" attached to the policy the wrongfully worded rider prescribing for the right of subrogation if the insurer under its terms should be called upon to pay the lien holder the amount of its debt. It was not alleged in that amendment that the oversight or mistake was a mutual one, nor that there was a mistake by one of the contracting parties and fraud on the part of the other. One or the other forms of pleading is necessary to procure a reformation of a writing, as will be seen from the following cases: Denney v. Crabtree, 194 Ky. 185, 238 S. W. 398; Huntsman v. Monarch Oil & Gas Co., 197 Ky. 607, 247 S. W. 754; Commercial Auto Co. v. Brandeis Machinery & Supply Co., 198 Ky. 155, 248 S. W. 233; Morris v. Gilliam, 213

Ky. 763, 281 S. W. 1026, and Triplett v. Bays, 224 Ky. 353, 6 S. W. (2d) 262.

However, an additional and all sufficient reason why the judgment appealed from was, and is, correct is that if the contractual right of subrogation should be eliminated from the rider, leaving only the obligation of the insurer to pay to the bank the insurance ''so far as its interests might appear,'' yet the right of subrogation would accrue in ·favor of plaintiff under the facts of this case, and which was held in our former opinion when we said (293 Ky. 121, 168 S. W. (2d) 546): ''But ·even though no specific contractual rights of subrogation exist, the right thereto will be enforced in favor of the insurer under general language to that effect where the insured mortgagor 'has forfeited the insurance so far as his own interest is concerned, leaving the mortgagee as the *sole* insured.' 29 Am. Jur. 1011, section 1352; annotations in L. R. A. 1916A, 561; Ann. Cas. 1917B, 1138; Aetna Fire Ins. Co. v. Tyler, 16 Wend., N. Y., 385, 30 Am. Dec. 90, and annotations in 52 A. L. R. 282.'' (Our emphasis.)

The contrary position taken by appellants is attempted to be supported by the cases of Gardner v. Continental Ins. Co.—one reported in 75 S. W. 283, 25 Ky. Law Rep. 426, and the other in 125 Ky. 464, 101 S. W. 980—wherein the right of reformation of the contents of a rider to a policy by the insured was upheld by this court. But in that case the insured had not forfeited his interest in the policy, and the authorities, supra, expressly hold that when such forfeiture has occurred before loss, the right of reformation does not exist even though proper pleading therefor may be employed.

Wherefore, for the reasons stated, the judgment is affirmed.