**S. J. BATES, Appellant,**

**v.**

**GRAIN DEALERS NATIONAL MUTUAL FIRE INSURANCE COMPANY, Indianapolis, Indiana, et al., Appellee.**

**S. J. BATES, Appellant,**

**v.**

**AETNA INSURANCE COMPANY, Appellee.**

Court of Appeals of Kentucky.

June 24, 1955.

Henry L. Moore, Whitesburg, Funk, Chancellor & Marshall, Frankfort, for appellant.

Stephen Combs, Jr., Whitesburg, Ogden, Galphin & Abell, Louisville, for appellees.

MOREMEN, Judge.

These two cases, consolidated by order of this court for purposes of briefing, question the propriety of the lower court in sustaining a demurrer to the petitions as amended in each case. We will refer to the Aetna Insurance Co. case as the "Aetna case" and to the Grain Dealers National Mutual Fire Insurance Co. case as the "Grain Dealers case."

Two questions are presented, one of which is common to both cases and the other applies only to the Aetna case.

The appellant in 1951 had a $1,000 fire insurance policy with the Aetna Insurance Co., appellee here, as well as seven other $1,000 policies with other companies, all issued by the Letcher Insurance Agency. The seven other policies are subjects of suits by the appellant and were continued on the lower court's own motion until a decision is reached in this case because they involve the "same legal questions as presented in the Aetna case."

In the policy with the Aetna Insurance Co. there was a typewritten provision (rider) that the total insurance permitted was $8,000. The petition alleges that in the latter part of 1951, the appellant notified the Letcher Agency that $8,000 was not sufficient coverage for his building and that he had consequently acquired an additional $6,000 of insurance through another agency. (The policies representing $6,000 are the subjects of suits in the companion case now before us, which will be hereinafter discussed.)

It is alleged that at the time of this notification the appellant requested the Letcher Agency, and it agreed, to renew the policies amounting to $8,000. This was done, effective September 11, 1951, and the renewed policies were delivered to the appellant shortly before the occurrence of a fire on October 1, 1951, which destroyed the building insured. The Aetna Co. now interjects the defense that the policy as renewed contains the "total insurance" restriction limiting insurance to $8,000. The policy, which is in the record, verifies this.

 The appellant's petition was framed to obtain reformation of the insurance policy and alleged that "said clause was inserted and placed therein by mutual mistake of the parties, or by mistake of defendant company through its agent, or through oversight and inadvertency of the said agency." In another part of the appellant's petition it is alleged that the failure to provide for additional insurance was brought about through mistake, fraud, or inadvertence by the Letcher Insurance Agency.

It is true the petition contains some surplusage, but it sufficiently alleges facts on which reformation might be allowed if on the return of the case the proof supports the facts as alleged. Appellee cites Combs v. American Insurance Co., 296 Ky. 535, 177 S.W.2d 881, 883, as supporting its contention that no cause for reformation was stated. In that case it was only averred that through " 'oversight or mistake' " the policy should be reformed; whereas, here we have a sufficient allegation of a mutual mistake. Alternative pleas so long as they are consistent with the case made by the complaint are permissible. 41 Am.Jur., § 111, Pleading.

 The appellee further contends that the appellant abandoned his plea for reformation before the trial court and argues before this court only a question of estoppel. It is true that suits of waiver and estoppel and suits seeking reformation are distinct, insofar as pleadings are concerned, as recently discussed by this court in Kentucky Farm Bureau Mutual Insurance Co. v. Hardin, Ky., 262 S.W.2d 831. But the same facts which support appellant's suit for reformation serve also as a bar to the appellee's assertion of the defense of the "other insurance" provision. Were the policy as issued to be taken as a true memorial of the contract between the parties, the insured appellant would be barred from recovery. But the suit is not upon the policy as written; rather, it seeks reformation thereof and by such action it is claimed the insurer appellee is estopped from relying on the policy as written. See Westchester Fire Insurance Co. of New York v. Wilson, 220 Ky. 142, 294 S.W. 1059, where reformation was allowed under similar facts. See also Forkner v. Twin Cities Fire Insurance Co., 6 Cir., 19 F.2d 419.

Appellee, Aetna, raises other questions which we deem unnecessary to discuss.

The question *common to both cases* is whether the twelve-month period (appearing in each policy) in which suit must be brought against the insurer has been waived by either or both the defendant companies.

The fire occurred October 1, 1951. The actions were commenced on January 28, 1953—one year and nearly four months after the date of the loss. The policies were filed with the petitions and each policy contains the one-year provision for asserting a claim. Thereupon the appellant saw fit to amend both petitions, in view of our opinion handed down January 23, 1953, in the case of Turner v. California Insurance Co., Ky., 254 S.W.2d 481, which held that such a contractual limitation in an insurance policy may be reached by a demurrer.

The amended petitions alleged that the agents and representatives (adjusters) of the insurance companies made oral statements to the insured that the policies would be paid as soon as various questions of liability were determined and from time to time contacted the insured about numerous items and that the adjusters assured the plaintiff, appellant, that the policies would be paid as soon as the differences as to the liability of the various other insurance companies insuring appellant's property could be determined, and requested the plaintiff, appellant, not to file suit.

In the Grain Dealers case a letter was included in the amended petition from the agent of the company to the insured, stating that as soon as the adjuster completed the filing of information, the loss would be paid. In that petition it was also alleged that the adjuster requested the appellant to withhold the filing of suit and that should the defendant deny liability, he, the adjuster, would formally notify the appellant.

██ It is a general rule that a contractual limitation period can be waived. Johnson v. Calvert Fire Insurance Co., 298 Ky. 669, 183 S.W.2d 941; National Surety Marine Insurance Corp'n v. Wheeler, Ky., 257 S.W.2d 573. Throughout the one-year period following the fire, the appellant was furnishing facts substantiating his proof of loss to the insurance company's adjuster. Negotiation was taking place and the appellee insurers did not deny liability until after the expiration of the one-year period. The facts as alleged support the contention that the appellees, Aetna and Grain Dealers, acknowledged during that period the appellant's claim as being valid.

██ Waiver is defined as an intentional relinquishment of a known right. It may be express or it may be inferred from the acts or conduct of a party. Appellees' above described conduct, we believe, was sufficient to waive their right to rely on the clause in the policy which limited the period prescribed by our statutes of limitation. United States Fidelity & Guaranty Co. v. Miller, 237 Ky. 43, 34 S.W.2d 938, 76 A.L.R. 12.

Wherefore, the judgments in both cases are reversed for proceedings consistent with this opinion.