Jewell BENNETT et al., Appellants,

v.

M. B. STEPHENS, Appellee.

Court of Appeals of Kentucky.

Sept. 28, 1956.

Cecil G. Wilson, Glasgow, for appellants.

Brents Dickinson, Jr., Glasgow, for appellee.

CLAY, Commissioner.

In this action appellee, M. B. Stephens, sought specific performance of a contract to convey real estate. The Chancellor granted the relief prayed.

It is the contention of appellants that appellee breached the contract of sale (referred to as "title bond") in failing to pay the purchase price of the property on the day specified for such payment, and appellants thereupon were released from their obligation to make the conveyance. The contract provided as follows:

"The second party agrees to pay the first parties the sum of $2,500, *which sum is due and payable January 1, 1955,* and first parties agree to make the second party a general warranty deed to same free and clear of all liens *when the second party pays the consideration* above mentioned." (Emphasis ours.)

From the evidence it appears that on January 1, 1955, the parties met, but at that time appellee was unable to pay the full purchase price of $2,500. However, appellants accepted a check for $500 in part payment, and it was agreed that the bal- ance be paid during the following week. Appellee testified that the following week she was ready, willing and able to pay the balance of $2,000. Appellants were dissatisfied with the arrangements made by appellee (apparently she intended to convey the property to a third party who was not in the good graces of appellants), and they returned the $500 check and refused to convey.

There are two sound reasons why the Chancellor correctly adjudicated this controversy. In the first place, the January 1st date fixed in the contract was not made such a significant date that failure of performance on that day vitiated the contract. The general rule is thus stated in 55 Am. Jur., Vendor & Purchaser, Section 110, page 586:

"It is a well established general principle in equity that time is not ordinarily regarded as of the essence of contracts for the sale of real property unless it is so stipulated by the expressions thereof or it is necessarily to be so implied. In the ordinary case, performance of a contract for the sale of real property within a reasonable time after the time named in the contract and substantially according to the contract, regard being had to all the circumstances, is regarded in equity as sufficient."

The principle set out above has been articulated in our cases: Browning v. Huff, 204 Ky. 13, 263 S.W. 661; Main v. Sevier, 221 Ky. 828, 299 S.W. 972.

Appellee in good faith sought to consummate the contract within a reasonable time after the date specified.

In the second place, even had time been of the essence of this contract, it is clear appellants waived complete performance on January 1, 1955 when they accepted the $500 check. They relinquished their right to rely upon this provision of the agreement by consenting to a delay in full

payment. See Bates v. Grain Dealers National Mutual Fire Ins. Co., Ky., 283 S.W. 2d 3.

 Appellants raise some question about the possible assignment of this contract to a third party, but that is a matter about which appellants have no concern since this suit is to compel the conveyance to appellee in accordance with the specific terms of the contract. We find no ground upon which to disturb the findings or judgment of the Chancellor.

The judgment is affirmed.