**Silas M. JAGGERS, Appellant,**

v.

**H. W. HAWKINS et al., Appellees.**

Court of Appeals of Kentucky.

March 18, 1960.

Alfred A. Naff, Hopkinsville, for appellant.

Prince, Howard & Prince, Benton, for appellees.

WADDILL, Commissioner.

The appeal is from a judgment dismissing appellant's action seeking rescission of a contract he executed for the purchase of certain property from appellees.

Appellant contends that he was entitled to the relief sought because appellees were unable to convey the property free of all encumbrances on April 1, 1957, in accordance with the specific requirements of the contract of sale. Therefore, it is urged that the court erred in failing to adjudge that appellees breached the contract and appellant thereupon was released from his obligation to purchase the property.

On March 13, 1957, appellant contracted to buy a motel from appellees for the sum of $28,000, and appellees agreed to convey the property to appellant free of all encumbrances by April 1, 1957. Appellant paid $1,000 on the purchase price, and agreed to pay an additional $6,000 upon the delivery of the deed, and the balance in monthly installments. In compliance with their agreement, the parties met again on April 1, 1957, and appellant paid appellees $6,000 and appellees executed a deed conveying the property to appellant. At the meeting appellant insisted upon having the property surveyed and the title abstracted so as to enable him to procure title insurance. The parties then agreed that another deed containing a description of the property by actual survey would be executed after the survey was completed.

On April 8, 1957, the survey had been completed and appellees executed another deed which was left with appellant's attorney. On April 11, 1957, appellant's attorney learned that part of an underground septic tank, belonging to an adjoining property owner, was encroaching upon the motel property to the extent of about 16 inches at the northern boundary.

On April 15, 1957, appellant conferred with his attorney about the encroachment and according to his testimony he notified appellees that he would not accept the deed to the property. However, appellees testified that appellant gave them ten days to have the encroachment removed. According to the testimony of appellees the encroachment was removed within five days after notice from appellant. Soon thereafter appellant's attorney completed his examination of title, procured title insurance, and recorded the deed on May 15, 1957. Whereupon, appellant brought this action to rescind the contract of sale.

Without deciding whether this unknown encroachment constitutes an encumbrance, we are affirming the judgment because the chancellor had the right to accept the testimony that appellant granted appellees additional time to remove the alleged encumbrance. Under this view of the case appellant waived complete performance on the date specified in the original agreement. Bennett v. Stephens, Ky., 293 S.W.2d 879; Bates v. Grain Dealers National Mutual Fire Insurance Co., Ky., 283 S.W.2d 3.

Since appellees performed their contractual obligations within the time limits granted by appellant, there is no legal basis for the rescission of this contract.

Judgment affirmed.