850 F.2d 692
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
SPRINGCREEK AIRPORT ESTATES, INC. and Tennessee Well Supply
Company, Plaintiffs-Appellants,
v.
NORTHFIELD INSURANCE COMPANY, Defendant-Appellee.
 No. 87-5903.
 United States Court of Appeals, Sixth Circuit.
 July 11, 1988.
 
 Before MILBURN, RALPH B. GUY Jr. and ALAN E. NORRIS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Springcreek Airport Estates, Inc. and Tennessee Well Supply Company, plaintiffs-appellants, appeal the district court's entry of summary judgment for the defendant-appellee, Northfield Insurance Company, in this suit to recover under an insurance policy.
 
 
 2
 Springcreek leased an oil drill from Tennessee Well under a lease purchase agreement. Ewert Wilson, the sole owner of Springcreek, contacted Phil Upchurch of the Upchurch Insurance Agency to obtain insurance for the drill. Wilson instructed Upchurch that Tennessee Well was to be named on the policy as a loss payee.
 
 
 3
 Upchurch requested a binder from Bolton & Company, an insurance broker, which obtained the actual insurance coverage from Northfield. Apparently, a typist at Bolton & Company failed to type Tennessee Well on the policy as a loss payee. A copy of the policy was mailed to Upchurch, but Upchurch did not deliver a copy to Springcreek; and because Tennessee Well was not named in the policy, it did not receive a copy either.
 
 
 4
 The insurance binder was effective August 13, 1980. On August 14, the drilling rig and equipment were destroyed by fire. Springcreek notified Northfield of the loss, and Northfield investigated the cause and origin of the fire and took a sworn statement from Wilson. Northfield never formally denied the claim. When it became clear to Wilson that Northfield was not going to pay the claim, he filed this suit in federal district court on January 25, 1982, seventeen months after the loss occurred.
 
 
 5
 Northfield filed a motion for summary judgment arguing, among other things, that the suit was barred because it was filed after the expiration of the one-year limitation period in the policy. Paragraph eleven of the insurance policy provided:
 
 
 6
 11. Suit. No suit, action or proceeding for the recovery of any claim under this policy shall be sustainable in any court of law or equity unless the same be commenced within twelve (12) months next after discovery by the Insured of the occurrence which gives rise to the claim.
 
 
 7
 Springcreek contended that it was not bound by the limitation clause because it never received a copy of the policy, because the clause was not part of the binder which was in effect when the loss occurred, or because Northfield waived or was estopped to rely upon the limitation provision.
 
 
 8
 The district court held that Springcreek could not be charged with knowledge of the limitation clause, which was only contained in the final insurance policy, until it received notice of the policy. The district court found that Upchurch was an agent for Springcreek, and Springcreek was deemed to have received the policy when Upchurch received it. The district court also concluded that, under Ky.Rev.Stat.Ann. Sec. 304.14-220 (Baldwin 1981), the insurance binder included all the terms and conditions contained in the written policy. We agree with these determinations.
 
 
 9
 The district court did not reach Springcreek's argument that Northfield waived or was estopped to rely upon the limitation clause because it acted fraudulently and in bad faith by inducing inaction by Springcreek until the one-year period expired. Northfield suggests that Springcreek is precluded from raising this issue on appeal because it was not raised below. But in the third amended complaint, filed April 12, 1983, Springcreek pleaded that Northfield fraudulently and in bad faith continued to adjust the claim until the one-year period expired, and that Northfield was estopped from asserting the contractual limitation. The issue was also clearly raised in Springcreek's Response and Memorandum in Response to Motion for Summary Judgment filed April 30, 1984.
 
 
 10
 Springcreek's claim of estoppel was supported by statements made during the deposition of Northfield's claims agent that the decision not to pay the claim was not made until nearly a year after the loss occurred. Springcreek also submitted Wilson's affidavit, which stated,
 
 
 11
 When I would contact the company or company representatives, I would be advised that the claim was being investigated and the company would advise me when their investigation was completed. It was 15-16 months until I realized or was told by the company that I was not going to be paid.
 
 
 12
 Northfield is correct in that it did not waive the contractual limitation by acknowledging receipt of the notice of loss, investigating the cause and origin of the fire, inspecting the drilling equipment, or taking a sworn statement from Wilson. Ky.Rev.Stat.Ann. Sec. 304.14-280 (Baldwin 1981), expressly provides that an insurance company does not waive policy conditions by investigating the claim. However, there was evidence before the court, in Wilson's affidavit, that Northfield's agents made affirmative representations which lulled Springcreek and Tennessee Well into sitting on their rights. This evidence was not rebutted by Northfield, and, when considered in combination with the inferences it raises which are favorable to the nonmovants, was sufficient to raise a genuine issue of material fact on the issue of waiver or estoppel which precluded the entry of summary judgment. See Bates v. Grain Dealers Nat'l Mut. Fire Ins. Co., 283 S.W.2d 3, 5 (Ky.1955).
 
 
 13
 The district court granted summary judgment against Tennessee Well because its rights were coextensive with the rights of Springcreek. Therefore, if waiver or estoppel is established and Springcreek's suit is not barred by the limitation clause in the policy, Tennessee Well would not be barred from bringing suit either.
 
 
 14
 Accordingly, the judgment of the district court is reversed, and the case is remanded for proceedings consistent with this opinion.